IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ALFRED LEE JACOBS,

    Plaintiff,

v.

CIVIL ACTION NO.: CV508-019

DAVID ALELMAN, Senator; MICHAEL
BOGGS, Judge; RICHARD E. CURRIE,
District Attorney; CHRESTINE KNIGHT,
Clerk; KIM MASSEY; W. P. CHANEY,
Bailiff; CINDY WATERS, Court Reporter
and KEITH HARKLEROAD, Attorney,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Autry State Prison in Pelham, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts Defendants are responsible for fraudulently indicting, prosecuting, and sentencing him. Plaintiff has named Michael Boggs, a Coffee County Superior Court Judge, as a Defendant. Congress did not abrogate the doctrine of judicial immunity when it enacted section 1983. Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 1104, 55 L. Ed. 2d 331 (1978) (holding judicial immunity doctrine applies in § 1983 actions); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). Absolute immunity not only protects against liability but also against a case going to trial at all. Harris, 780 F.2d at 914 (citing Mitchell v. Forsyth, 472 U.S. 511,

526, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985)). To determine whether a judge is entitled to absolute immunity from money damages under section 1983, a two-part test was established in Stump: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump, 435 U.S. at 357, 98 S. Ct. at 1105). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916. Plaintiff has failed to make any allegations which would indicate Defendant Boggs acted in the clear absence of jurisdiction. Accordingly, Plaintiff cannot sustain his claims against Defendant Boggs.

Plaintiff also named Richard Currie, the District Attorney, as a Defendant. Prosecutors are immune from liability under the doctrine of prosecutorial immunity for actions taken within the scope of their office. Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976). Prosecutorial immunity in § 1983 suits is derived from judicial immunity. Id. at 427, 96 S. Ct. at 991. Policies supporting prosecutorial immunity include concerns "that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. Plaintiff has not alleged that Defendant Currie acted outside the scope of his position as the District Attorney, and, accordingly, Plaintiff cannot maintain a claim against Defendant Currie.

In addition, Plaintiff named Kim Massey, the foreperson of the grand jury, as a Defendant. A Plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the

laws of the United States were violated, and that the violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988). Plaintiff has not shown that Defendant Massey was acting under color of state law in her role as foreperson of the grand jury, nor has he shown that Defendant Massey violated his constitutional rights. Plaintiff's claims against Defendant Massey should be dismissed.

Plaintiff also names Keith Harkleroad, his defense attorney, as a Defendant. "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (emphasis in original) (citation omitted). A court-appointed attorney[1] "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." See Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981). Plaintiff has not shown that Defendant Harkleroad did not perform the traditional functions as counsel or that Defendant Hackleroad otherwise acted under color of state law at any time he represented Plaintiff. Accordingly, Plaintiff cannot sustain a section 1983 claim against Defendant Hackleroad.

---

[1] Though it is unclear from Plaintiff's Complaint whether Harkleroad was appointed by a court to represent him or whether Plaintiff retained Harkelroad as his attorney, the result would be the same in either situation.

Finally, Defendant names Chrestine Knight, the Clerk of Court; Cindy Waters, a court reporter; W.P. Chaney, the bailiff; and David Adelman, a state senator, as Defendants in this case. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff has not set forth any facts which establish Defendants Knight, Waters, Chaney, or Adelman violated his constitutional rights. As Plaintiff has not met this basic requirement for bringing section 1983 claims, his claims against Defendants Knight, Waters, Chaney, and Adelman should be dismissed.

Plaintiff's Complaint is patently frivolous and should be dismissed. See 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failing to state a claim upon which relief can be granted.

**SO REPORTED** and **RECOMMENDED**, this 22nd day of April, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE